IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:05-464-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Eddie Anthony Catlin, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for relief, filed in this court pursuant to 28 U.S.C. § 2255. Defendant raises four grounds for relief. The Government filed a response and motion for summary judgment, as well as a request for an evidentiary hearing on Defendant's first ground for relief. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant filed his opposition to the Government's motion and the matter is now before the court for a ruling on the motion for summary judgment.

The court has reviewed the complete record in this case. For the reasons stated in the Government's response, which this court finds to be correct and adopts as its findings, the court grants the Government's motion for summary judgment as to all of Defendant's claims for relief except as to Ground One.

Petitioner's first ground for relief claims he received ineffective assistance of counsel because he allegedly instructed his counsel to file a direct appeal, but that counsel failed to do so. In response, the Government submits the affidavit of James Shadd, III, wherein he avers that Defendant

> did not request an appeal of his conviction or sentencing. I met with him directly after his sentencing at the courthouse. He informed me that he did not wish to appeal. As a result, and in following the Court's instruction, I sent a letter to

1

> [Defendant] memorializing his decision and requested that he sign a second copy. [Defendant] signed the letter stating his desire not to file an appeal. I received the letter two days later and filed it in the [Defendant's] file.

Aff. of James Shadd, III, at ¶ 2 (Dkt. # 883-2, filed Aug. 17, 2007). Attached to Shadd's affidavit is a copy of a letter purportedly signed by Defendant which states that "[u]pon advice and consultation with my attorney, I choose not to appeal my conviction and sentence for Case No.: 3:05-0464-CMC." Attachment to Affidavit (Dkt. # 884, filed Aug. 21, 2007).

Defendant's affidavit states he had indicated to counsel that he wanted to appeal his case, but that "after [Shadd] explained to me the terms of the waiver [Defendant has an appeal waiver in his plea agreement], and informed me that no appeal was forthcoming I reconsidered my position and signed the appeal waiver." Aff. of Eddie A. Catlin at ¶ 2 (Dkt. # 891, filed Oct. 15, 2007). It appears Defendant may be saying that he requested that an appeal be filed, was told he could not appeal due to the waiver in the plea agreement, and subsequently signed his attorney's letter confirming that he did not wish to appeal only because he believed he could not appeal.

Circumstances exist, however, where a defendant may appeal even when there is an appeal waiver in his plea agreement. A defendant may appeal an issue not within the scope of the waiver. Additionally, a defendant who had signed an appeal waiver would still be able to appeal a sentence imposed in excess of the statutory maximum, a sentence based on a constitutionally impermissible factor such as race, *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992), or proceedings conducted in violation of the Sixth Amendment right to counsel following the entry of a guilty plea. *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994). Most importantly, however, even if an appeal waiver is contained in the plea agreement, once an attorney is unequivocally told to file an appeal, the attorney is constitutionally ineffective if he fails to do so. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007).

Unless it is clear from the pleadings, files, and records that the prisoner is not entitled to

relief, § 2255 makes an evidentiary hearing mandatory. 28 U.S.C. § 2255; *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). The district court may expand the record to include letters, documents, and affidavits. *Raines*, 423 F.2d at 529-30. Based upon the record as it now stands, the court determines that an evidentiary hearing is required on this ground.

The Government's motion for summary judgment is **granted** as to Defendant's Grounds for relief Two, Three, and Four. This court must hold an evidentiary hearing on Defendant's claim that he directed counsel to file an appeal. A hearing is set in this matter for **Thursday, December 20, 2007 at 2:00 p.m.** in Courtroom #2, Matthew J. Perry, Jr. United States Courthouse, 901 Richland Street, Columbia, South Carolina, 29201. This hearing is limited to the issue of whether Defendant directed counsel to file an appeal. Defendant is directed to bring to this hearing any and all supporting documentation he has in his possession regarding this issue. The court appoints Christopher J. Mills, Esquire, pursuant to Rule 8(c) of the Rules Governing Section 2255 Cases, to represent Petitioner during this evidentiary hearing.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 8, 2007

C:\Documents and Settings\baw58\Local Settings\Temp\notesE1EF34\05-454 USA v. Catlin e gi sumjgm set evidentiary hearing.wpd